IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BILL REBANE d/b/a
TRANSCENTURY PICUTRES, and
MAC DONALD TRUST,

           Plaintiffs,          OPINION AND ORDER

v.

                                   19-cv-707-wmc

ROBERT BLAIR, BLAIR & ASSOCIATES, LTD,
RIFFTRAX, LLC, MARCUS THEATRES CORPORATION,
and THE MARCUS CORPORATION,

           Defendants.

In this civil action, plaintiffs Bill Rebane d/b/a Transcentury Pictures and Mac Donald Trust, all Wisconsin citizens, claim that Oklahoma-based defendants Robert Blair and Blair & Associates, LTD (the "Blair defendants") breached a distribution agreement for the 1975 film *The Giant Spider Invasion* ("GSI") by entering into an invalid sublicense and subdistribution agreement with defendant Rifftrax, LLC.  Based on these and related alleged events, plaintiffs assert a breach of contract claim against the Blair defendants, as well as copyright infringement and unjust enrichment claims against all defendants.  The Blair defendants have moved to dismiss the claims against them for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  (Dkt. 7.)  The court will defer ruling on that motion and grant plaintiffs' request to pursue limited jurisdictional discovery.

Plaintiffs take the position that the court may exercise specific jurisdiction over the Blair defendants in accordance with the due process clause and under the local injury, foreign act provision of Wisconsin's long-arm statute.  *See* Wis. Stat. § 801.05(4); *Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, 398 (7th Cir. 2020) (distilling the due process requirements for the exercise of personal jurisdiction over an out-of-state defendant).  In

support, plaintiffs emphasize that these defendants have received income from Wisconsin sales and continued to distribute and sell copies of GSI in Wisconsin from out of state even after termination of the distribution agreement in violation of plaintiffs' reverted, exclusive copyright.  The Blair defendants do not deny selling products to Wisconsin consumers, but contend that plaintiffs have no competent evidence of any Wisconsin marketing or sales of GSI *specifically* — facts largely within defendants' knowledge.

Apparently recognizing this evidentiary gap, in addition to opposing motion to dismiss on the merits, plaintiffs alternatively request that they be allowed to conduct jurisdictional discovery regarding the Blair defendants' "specific sales numbers" for Wisconsin, along with any communications they have had with Wisconsin retailers.  (Dkt. #49 at 4-5.)  Tellingly, the Blair defendants do not address this request in reply.  Regardless, plaintiffs' factual allegations and evidence to date suggest the existence of requisite suit-related contacts in the forum state, while the record as to the extent of the Blair defendants' marketing and selling of copies of GSI in Wisconsin is sufficiently unclear to justify targeted discovery.  *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) ("[A] plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted"); *Precision Dynamics Corp. v. Typenex Med., L.L.C.*, No. 13-CV-860, 2014 WL 12656904, at *2 (E.D. Wis. Feb. 13, 2014) (jurisdictional discovery is appropriate when the factual record is ambiguous or unclear on the jurisdictional issue).

Accordingly, the court will grant plaintiffs' request for limited discovery of defendants to the extent reasonably likely to yield evidence of the Blair defendants' alleged Wisconsin jurisdictional contacts in order to aid this court in resolving the pending motion

to dismiss. More specifically, plaintiffs may conduct jurisdictional discovery limited to the defendants' (1) Wisconsin sales numbers for the last 5 years, generally and for GSI in particular; and (2) their or their distribution agents' communications with Wisconsin retailers for the last 5 years about GSI or other films. All discovery on the issue of personal jurisdiction shall be completed on a cooperative and expedited basis within 30 days of this order with either party to contact chambers directly should a dispute arise  Plaintiffs may then have 17 days from the date of the close of jurisdictional discovery to submit a supplemental response to the Blair defendants' motion to dismiss. Finally, the Blair defendants may submit a sur-reply within 7 days of the filing of the plaintiffs' supplemental response.

## ORDER

IT IS ORDERED that:

1) Plaintiffs' request for limited jurisdictional discovery is granted. All discovery on the issue of personal jurisdiction shall be completed on an expedited basis on or before [30 DAYS]. The parties may then submit supplemental briefing after the close of jurisdictional discovery as indicated in this order.

2) General discovery will be further stayed until December 1, 2020, or this motion is resolved, whichever comes first.

Entered this 25th day of September, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge